Below is an order of the court.

_____
PETER C. McKITTRICK
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

| In re | Case No. _____ |
|---|---|
| | Amended |
| | Confirmation Hearing Date: _____ |
| Debtor | **ORDER CONFIRMING PLAN AND RESOLVING MOTIONS** |

The debtor's plan having been provided to creditors and the court having found that it complies with 11 U.S.C. § 1325, now, therefore **IT IS ORDERED**:

1. Debtor's plan (Docket #_____) is confirmed, and all relief requested in the plan is granted. All references to the plan are to the plan as modified by any amendment shown in paragraph 4 below.

2. Pursuant to 11 U.S.C. § 522(f)(1), the following liens are avoided [*list alphabetically, and only one per line, including each creditor's name, service address, and lien type (for example, judicial lien or non-purchase money security interest)*]:

3. Per the filed *Chapter 13 Debtor's Attorney's Compensation Disclosure and Application* (Local Bankruptcy Form (LBF) 1305) and, if applicable, the *Chapter 13 Debtor's Attorney's Schedule 2.(b) Itemization* (LBF 1306), compensation to debtor's counsel of attorney fees of $_____ and expenses of $_____, of which $_____ has been paid, leaving $ _____ to be paid as funds become available per plan paragraph 4(c).

4. Debtor has moved to amend the plan by interlineation as follows, which amendments are allowed and become part of the confirmed plan [*for changes to plan language, but not added language, set out the old and new language in different forms, for example by striking through deleted language and underlining new language*]:

5. The terms of this order are subject to any objection filed within 21 days by [*list alphabetically, and only one per line, including each creditor's name, service address*]:

   ~~None~~
   Julie Hatfield
   1212 Columbia Street
   Hood River, OR 97031

   PCM

6. Additional provisions, if any:

###

I certify that on _____ I provided this order to the trustee for submission to the court.

_____
Debtor or Debtor's Attorney

Approved: _____
        Trustee

"The Trustee has completed his investigation pursuant to §1302(c) and has no objection to the continuation of the debtor(s) business."

**1350.21 (12/1/2022)**      Page 2 of 2

In re: Mark Gordon Heron and Mary Kathleen Heron
Case No: 22-31614-pcm13

Order Confirming Plan
Paragraph 4 (continued):

¶3(a): Strike "150.00x21; $1,361x13; $2,817x5; $4,564 TA" and replace with "$150x3; $290x18; $1,361x13; $2,817x5; $4,564 thereafter"; and

¶3(c): Strike "2022-2027" and replace with "2022, 2023, 2024, 2025 and 2026"; and

¶4(b)(1): Insert new entry "Rivermark CU; 2011 Cadillac CTS (Court Claim No. 7); N/A; N/A; $3,011; 9.25%; 0x3; $85 thereafter"; and

¶4(b)(1): Insert new entry "Rivermark CU; 2011 Cadillac CTS (Court Claim No. 8); N/A; N/A; $1,879; 9.25%; 0x3; $55 thereafter"; and

¶4(b)(1): Insert new entry "New Rez LLC d/b/a Shellpoint; Residence; $34,546; N/A; N/A; 0.0%; AAFAAF"; and

¶4(b)(1): Insert new entry "Julie Hatfield; Residence; N/A; N/A; $3,317; 0.0%; AAFA NewRez LLC"; and

¶7: After "Rivermark CU (2011 Cadillac CTSV)" insert "(Court Claim No. 6)"; and

¶7: Strike "2017 Alfa Romeo" and replace with "2018 Alfa Romeo"; and

¶15: Strike "15. Preservation of Rights to Assert Claims: Neither the entry of the Order of Confirmation nor the entry of the Order of Discharge shall preclude nor estop the Debtor(s) from asserting claims against any third party, nor raising objections, offsets, counterclaims or recoupment against any creditor"

and replace with:

"15. Except as otherwise provided in the Plan, Order of Confirmation, or another order of the Court, neither the entry of the Order of Confirmation nor the entry of the Order of Discharge shall preclude or estop: (1) Debtor(s) from asserting claims described in the Petition, Schedules, and Statements; or (2) Debtor(s), Creditors, the Trustee, or other parties with standing from raising objections, offsets, counterclaims or recoupment regarding any creditor's claim that is not discharged or regarding a non-recourse obligation"; and

Add ¶17: "17. Debtor must cure the pre-petition default on Court Claim No. 6 by paying Rivermark Community Credit Union directly the amount of $718.27 on or before December 31, 2022. Notwithstanding any provision in the Plan to the contrary, Rivermark Community Credit Union shall not be required to release its lien on the 2011 Cadillac CTS due to discharge, unless the payment of the underlying debt under Court Claim No. 6 is paid in full as determined under nonbankruptcy law.

**Exhibit A Page 1 of 1**